UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL        'O'

| Case No. | 2:16-cv-02833-CAS-AJW | Date | May 24, 2016 |
|---|---|---|---|
| Title | SARITA VERNON V. UNITED STATES POSTAL SERVICE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                Not Present

**Proceedings:**    (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS COMPLAINT (Dkt. 6, filed May 2, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of June 6, 2016, is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION & BACKGROUND

On October 5, 2015, plaintiff, proceeding *pro se*, initiated this action in the Los Angeles County Superior Court, Small Claims Office against defendant the United States Postal Service ("USPS"). Dkt. 1-1. Plaintiff initiated this action using a California Judicial Council Form SC-100, "Plaintiff's Claim and ORDER to go to Small Claims Court." Id. On this form, the entirety of plaintiff's factual allegations consists of the following: "Plaintiff was an employee of named defendants. Plaintiff has experienced, unpaid wages, harassment, discrimination, termination threats of reporting incidents. Physical injury." Id. at 4.

On April 25, 2016, USPS removed this action to this Court pursuant to 28 U.S.C. § 1442. Dkt. 1. On May 2, 2016, USPS filed the instant motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 6. Plaintiff has not filed an opposition. Having carefully considered the arguments raised by USPS, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:16-cv-02833-CAS-AJW | Date | May 24, 2016 |
|---|---|---|---|
| Title | SARITA VERNON V. UNITED STATES POSTAL SERVICE | | |

## II.   ANALYSIS

USPS moves to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). In its motion, USPS construes plaintiff's small claims form as attempting to assert claims under Title VII of the Civil Rights Act of 1964 and/or the Federal Tort Claims Act ("FTCA"). USPS raises several arguments as to why plaintiff has failed to properly plead claims under these statutes. However, in light of the scarcity of the allegations in plaintiff's small claims form, the Court finds that it is premature to reach the merits of these supposed claims.

Instead, the Court, on its own motion, dismisses plaintiff's case pursuant to Federal Rule of Civil Procedure 8 for failure to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). While plaintiff's action appears to arise out of her alleged employment with USPS, she provides no details regarding the factual background which gives rise to this action. Moreover, plaintiff cites no legal authority in her small claims form and thus the Court cannot discern under what legal theory her claims arise. This is clearly insufficient to satisfy the requirements of Rule 8. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (noting that under Rule 8(a) a complaint must contain "sufficient allegations to put defendants fairly on notice of the claims against them"); see also Petty v. Duncan, 2014 WL 3809777, at *2 (S.D. Ill. Aug. 1, 2014) ("Although Rule 8 requires a complaint to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Plaintiff's pleading is too short and unclear to satisfy this standard."); Ormsby v. Astrue, 2011 WL 3625101, at *2 (M.D. Fla., Aug. 4, 2011) ("Although a short and plain statement under Federal Rule 8 is required, the instant Complaint is too short and too plain to meet the pleading requirements of Iqbal.").

If plaintiff elects to file an amended complaint, she should clearly and fully explain the factual and legal bases for her claim or claims against USPS. Plaintiff is also strongly encouraged to consult with Public Counsel's Federal Pro Se Clinic, located in the Spring Street Federal Courthouse, 312 N. Spring Street, Room G-19, Main Street Floor, Los Angeles, CA 90012.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-02833-CAS-AJW | Date | May 24, 2016 |
|---|---|---|---|
| Title | SARITA VERNON V. UNITED STATES POSTAL SERVICE | | |

### III.  CONCLUSION

In accordance with the foregoing, the Court, on its own motion, **DISMISSES WITHOUT PREJUDICE** plaintiff's case for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff shall file an amended complaint within **thirty (30) days** complying with the requirements of Rule 8.  Failure to do so may result in dismissal of plaintiff's case with prejudice.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |